I.D. 6184814                          File No. 4445

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **SHAMIRE JACKSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| V. ) | |
| ) | |
| **CITY OF CHICAGO, a municipal corporation,** ) | **PLAINTIFF DEMANDS** |
| And **UNKNOWN CHICAGO POLICE OFFICERS,** ) | **JURY TRIAL** |
| ) | |
| **Officers.** ) | |

### COMPLAINT

     **NOW COMES** the Plaintiff, SHAMIRE JACKSON ("PLAINTIFF"), by and through his attorney, ZANE D. SMITH ZANE D. SMITH & ASSOCIATES, LTD., and complaining of Officers, CITY OF CHICAGO, ("CITY") and UNKNOWN CHICAGO POLICE OFFICERS ("OFFICERS"):

### JURISDICTION

     1.     This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

     2.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343 and 1367.

     3.     Venue is proper under 28 U.S.C. §1391(b) as the events giving rise to the claims asserted in this complaint occurred in the Northern District of Illinois.

### PARTIES

     4.     Plaintiff, SHAMIRE JACKSON, is, and at all times material was, a citizen of the State of Illinois and the United States.

5. Defendant UNKNOWN OFFICERS were at all times relevant hereto Chicago Police Officers employed by the Defendant, CITY OF CHICAGO, and were acting under the color of law and within the scope of their employment.

6. Defendant, CITY OF CHICAGO, is a municipal corporation and public entity incorporated under the laws of Illinois.

## FACTS COMMON TO ALL COUNTS

7. On or about March 17, 2015, Plaintiff was a passenger in a vehicle being driven east on 76th Street at or near its intersection of Kedzie Avenue in Chicago, Illinois.

8. At the aforesaid time and place, Officers, in an unmarked Chicago police vehicle, drove up behind the vehicle Plaintiff was a passenger in and began flashing their lights.

9. The driver of the vehicle Plaintiff was a passenger in pulled over to the side and when the Officers approached the vehicle, the driver drove away.

10. The Officers gave chase and 5-6 other marked and unmarked Chicago police vehicles joined in the pursuit.

11. As the vehicle that Plaintiff was a passenger in was attempting to exit the alley at or near 78th and Central Park, Officers blocked the direction of flight of the vehicle that Plaintiff was a passenger.

12. Plaintiff exited the vehicle that Plaintiff was a passenger in and began running east on 78th Street.

13. Officers gave chase and one of the Officers caught up to Plaintiff and the Officer "clothslined" and kicked Plaintiff in the left thigh causing Plaintiff to fall to the ground.

14. After Plaintiff fell to the ground Officers repeatedly punched and kicked Plaintiff about the head and body.

15. An ambulance was summoned to the scene by Officers and Plaintiff was transported to Holy Cross Hospital.

16. Plaintiff suffered a severe commuinuted fracture of the left proximal third of the femur requiring internal fixation and intramedullary fixation.

17. While an inpatient at Holy Cross Hospital, Plaintiff was charged with domestic battery.

18. While an inpatient at Holy Cross Hospital, Officers kept Plaintiff in restraints despite his injury causing significant pain to Plaintiff.

19. The driver of the vehicle that fled from police was not arrested.

20. Officers dropped the charges against Plaintiff once he filed a complaint with the Independent Police Review Board.

### COUNT I

21. Plaintiff re-alleges paragraphs 1-20 as though fully set forth herein.

22. As described in the preceding paragraphs, the intentional conduct of Officers toward Plaintiff was objectively unreasonable and constituted excessive force in violation of the Fourth Amendment to the United States Constitution.

23. As a direct and proximate result of Officers use of excessive force, Plaintiff suffered physical and emotional damages which will be proven at trial.

24. On information and belief, one or more of Officers were aware of their fellow officers' misconduct and had a reasonable opportunity to intervene to prevent it, but failed to do so.

WHEREFORE, Plaintiff prays this Honorable Court enter judgment against Defendants, UNKNOWN CHICAGO POLICE OFFICERS, in an amount sufficient to compensate Plaintiff for the injuries he has suffered, plus a substantial sum in punitive damages as well as costs, attorney's fees and such other relief favorable to Plaintiff that this deems just and equitable.

### COUNT II

25. Plaintiff re-alleges paragraphs 1-24 as though fully set forth herein.

26. Officers expressly conspired and agreed to violate Plaintiff's constitutional rights and to cover up their misconduct, acting in furtherance of this conspiracy as more fully described above.

27. As a direct and proximate result of Officers conspiracy, Plaintiff suffered physical and emotional damages which will be proven at trial.

28. On information and belief, one or more of Officers were aware of their fellow officers' misconduct and had a reasonable opportunity to intervene to prevent it, but failed to do so.

WHEREFORE, Plaintiff prays this Honorable Court enter judgment against Defendants, UNKNOWN CHICAGO POLICE OFFICERS, in an amount sufficient to compensate Plaintiff for the injuries he has suffered, plus a substantial sum in punitive damages as well as costs, attorney's fees and such other relief favorable to Plaintiff that this deems just and equitable.

## COUNT III

29. Plaintiff re-alleges paragraphs 1 through 28 as though fully set forth herein.

30. Plaintiff's injuries in this case were proximately caused by policies and practices of Defendant, City, which allows its police officers to violate the constitutional rights of citizens without fear of any real punishment for such misconduct. In this way, Defendant, City violated Plaintiff's rights since it created the opportunity for Defendant Officers to commit the foregoing constitutional violations.

31. The above-described misconduct has become so common as to be a widespread practice, and so well settled as to constitute *de facto* policy in the Chicago Police Department. This policy was able to exist and thrive because governmental policymakers with authority over the same exhibit deliberate indifference to the problem, thereby effectively ratifying it.

32. The widespread practice described in the preceding paragraphs was allowed to flourish because Defendant, City has declined to implement sufficient training and/or any legitimate and/or effective mechanisms for oversight and/or punishment of police officer misconduct.

33. As a direct and proximate result of Defendant, City's policies and procedures, Plaintiff suffered physical and emotional damages which will be proven at trial.

WHEREFORE, Plaintiff prays this Honorable Court enter judgment against Defendant, CITY, in an amount sufficient to compensate Plaintiff for the injuries he has suffered, as well as costs, attorney's fees and such other relief favorable to Plaintiff that this deems just and equitable.

## COUNT IV

34. Plaintiff re-alleges paragraphs 1-33 as though fully set forth herein.

35. As more fully described above, Officers willfully and wantonly and without legal justification, used physical force upon Plaintiff without his consent.

36. As a direct and proximate result of this intentional misconduct, Plaintiff suffered physical and emotional harm.

37. Illinois law provides that public entities such as Defendant, City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

38. At all times relevant hereto, Defendant, Officers were agents of Defendant, City and acting within the scope of their employment as Chicago Police Officers. Defendant, City is therefore liable as principal for all torts committed by Defendant, Officers.

WHEREFORE, Plaintiff prays this Honorable Court enter judgment against Defendant, OFFICERS and Defendant, CITY, in an amount sufficient to compensate Plaintiff for the injuries he has suffered, as well as such other relief favorable to Plaintiff that this deems just and equitable.

## COUNT V

39. Plaintiff re-alleges paragraphs 1-38 as though fully set forth herein.

40. At the time of the incident described above, Chicago Police vehicles were equipped with In-Car Video Systems also referred to as dashcams.

41. Chicago Police Department Special Order S03-05 is the directive for implementation of the In-Car Video Systems.

42. Pursuant to paragraph III(D) "All digitally recorded data created by the in-car video system will be retained by the Records Division for a minimum of 90 days."

43. On March 31, 2015 and April 21, 2015, well within 90 days of the incident, Plaintiff's counsel served notice upon the Chicago Police Department – Records Division to preserve all in-car video recordings of the above described incident (*See Exhibits "A" and "B" attached hereto and made a part hereof*).

44. On or about April 3, 2015, a complaint was filed with the Independent Police Review Authority and the Independent Police Review Authority had initiated an investigation into the allegations of the complaint.

45. Chicago Police Department Special Order S03-05, Plaintiff's counsel's notice of the pending litigation as well as the Independent Police Review Authority investigation created a duty on the part of Defendant, City to preserve all of the in-car video recordings.

46. On November 25, 2015, eight months after the incident, Plaintiff's counsel's notice of the pending litigation and the commencement of the Independent Police Review Authority investigation, the Office of Emergency Management and Communications sent a letter to Plaintiff's counsel acknowledging that "the OEM/CPD cameras are past retention and have been written over (*See Exhibit "C" attached hereto and made a part hereof*).

47. Defendant, City's intentional spoliation of the in-car video recordings infers that the in-car video were unfavorable to the Defendant, Officers.

48. As a direct and proximate result of Defendant, City's intentional spoliation of the in-car video recordings Plaintiff will be prejudiced when presenting his case.

WHEREFORE, Plaintiff prays this Honorable Court instruct the jury at the time of trial in this matter that Defendant, City's intentional spoliation of the in-car video recordings infers that the in-car video were unfavorable to the Defendant, Officers and such other relief favorable to Plaintiff that this deems just and equitable.

                                              Respectfully submitted,
                                              ZANE D. SMITH & ASSOCIATES, LTD.

                                      By:    //s/ Zane D. Smith
                                                   Zane D. Smith, One of Plaintiff's Attorneys

Zane D. Smith
ZANE D. SMITH & ASSOCIATES, LTD.
415 North LaSalle Street
Suite 501
Chicago, Illinois 60654
Phone: (312) 245-0031