# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SHAMIRE JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 15 C 11096 |
| v. ) | |
| ) | Judge Jorge L. Alonso |
| THE CITY OF CHICAGO, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is the defendant City of Chicago's motion to dismiss plaintiff's claims for willful and wanton conduct (Count IV) and intentional spoliation of evidence (Count VII, mislabeled in the amended complaint as a second Count V) [27], which is granted in part and denied in part as follows.

The City argues that Count IV is duplicative of Count V, which asserts a respondeat superior claim against the City based on the officers' alleged willful and wanton conduct. Although plaintiff asserts that a respondeat superior claim is "proper," he fails to address the argument that Counts IV and V allege the same claim. Because the Seventh Circuit has indicated that duplicative claims should be dismissed, *Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C.*, 385 F.3d 737, 744 (7th Cir. 2004), the City's motion is granted as to Count IV, which is dismissed.

As for plaintiff's spoliation claim, the City contends that it should be dismissed because Illinois does not recognize such a claim. It is true that Illinois does not recognize a tort of intentional spoliation of evidence, *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 510 (7th Cir. 2007) (citing Illinois law), but dismissal is not the appropriate consequence. In *Borsellino*, for instance, the Seventh Circuit simply analyzed the plaintiff's intentional spoliation claim as a negligence claim. The City contends that even if the Court allowed plaintiff to proceed on a

negligence theory, the claim would still fail as a matter of law because plaintiff alleges that the City destroyed relevant in-car video recordings, which "implicates the administrative discretionary actions of City employees" and thus falls within the scope of the Illinois Tort Immunity Act. (City's Mot. at 8.) But the circumstances of the destruction of the recordings are matters outside the pleadings that the Court will not consider on a motion to dismiss, and it would be premature to convert the City's motion into a motion for summary judgment. Accordingly, the City's motion to dismiss is denied as to plaintiff's spoliation claim.

**SO ORDERED.**                              **ENTERED:  March 30, 2017**

_____
**JORGE L. ALONSO**
**United States District Judge**